## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

In re:                                              )
                                                    )
FAIRLEY NEWTON and                                  )          CASE NO. 08-40211
STELLA FAYE NEWTON                                  )          CHAPTER 7
                          Debtor(s)                 )
_____ )

### MEMORANDUM

This matter came before the Court on the debtors' Motion to Avoid Lien.  In the motion, the

debtors seek to avoid the lien held by the Commonwealth of Kentucky, Department of Labor, Office

of Workers' Claims, Uninsured Employers' Fund ("UEF") on the debtors' real property located at

2285 Bear Creek Road, Leitchfield, Kentucky 42754.  The material facts in this matter are not in

dispute, and the Court makes the following findings of fact and conclusions of law pursuant to Rule

7052 of the Federal Rules of Bankruptcy Procedure.

### I.      FINDINGS OF FACT

1.      Fairley Newton ("Newton"), a Debtor herein, previously worked as a general contractor for

        construction projects. The Debtor did not have any employees. In 2003, the Debtor hired a

        subcontractor to assist with a construction project.

2.      On August 1, 2003, one of the subcontractor's employees, David Lindsay ("Lindsay"),  fell

        and broke his hip while working on the construction project.  The subcontractor did not have

        workers' compensation insurance.

3.      On August 1, 2005, Lindsay initiated the Workers' Compensation Case by filing an

        Application for Resolution of Injury Claim with Kentucky's Department of Workers' Claims.

        Such cases are resolved by Kentucky's Office of Workers' Claims in proceedings before an

        Administrative Law Judge.

4.      On October 31, 2006, after the initiation of the Workers' Compensation Case, the UEF filed lien against Newton in the Grayson County, Kentucky.

5.      In an Opinion and Order was entered on August 25, 2008, the Administrative Law Judge expressly determined that the injured worker was not Newton's employee, but rather an employee of the subcontractor hired by Newton.  However, due to the fact that the subcontractor did not have workers' compensation insurance, liability was imposed on Newton.

6.      On September 29, 2008, the debtors filed this Motion to Avoid Lien seeking to avoid the UEF lien pursuant to 11 U.S.C. § 522(f).  The debtors argued that the UEF lien was a judgment lien impairing their exemptions with respect to their real property.

7.      UEF opposed the motion, arguing that its lien is statutory in nature and not subject to lien avoidance under 11 U.S.C. § 522(f).

## II.    DISCUSSION

The debtors raise two arguments in their brief.  They first argue that they were exempt from the lien imposition statute and that the UEF violated K.R.S. § 342.770 by filing a lien against Newton.  This Court finds that this argument exceeds the parameters of the debtors' original motion and raises an issue best left to the Administrative Judge.  The Administrative Judge has jurisdiction to determine the applicability of K.R.S. § 342.770 and the exemptions found in K.R.S. §§ 342.630 and 342.650.

For their second argument, the debtors maintain that the lien placed upon their real property by the UEF is voidable under § 522(f)(1)(A).  Specifically, the debtors contend that lien imposed by the UEF constitutes a judicial lien as it arose via a quasi-judicial process, with accompanying discovery procedures, evidentiary hearings, and an adjudication by an Administrative Law Judge.

The debtors cite *In re Downey*, 261 B.R. 124 (Bankr. D. N.J. 2001) in support of their argument. In *Downey*, the bankruptcy court held that a lien filed by a state's workers' compensation board in association with liability for a workers' compensation claim was a judicial lien under the Bankruptcy Code, and therefore subject to lien avoidance under § 522(f). The New Jersey Bankruptcy Court based its decision on the fact that judicial-type action was a pre-requisite to filing a lien under New Jersey's workers' compensation statutes. *Id.* at 127-28.

UEF disagrees with the debtors' position and argues that the lien is statutory rather than judicial simply because no judicial decision is required before the lien were filed. The lien is automatic upon the occurrence of a non-judicial action, the filing of a workers' compensation claim. UEF distinguishes the *Downey* case by noting that under New Jersey law, the statute authorizing the imposition of the lien required specific judicial action, including findings of fact and conclusions of law. The Kentucky statute, unlike the New Jersey statute, has no such requirement. UEF references two rulings from Judge William S. Howard, United States Bankruptcy Court Eastern District of Kentucky, overruling motions similar to the one filed by debtors in this case. Judge Howard, however, did not issue an opinion setting forth the basis for his decisions in either *In re Mattingly*, Case No. 06-5167 8 or *In Reynolds*, Case No. 08-50693.

The Bankruptcy Code recognizes three types of liens: judicial, statutory and consensual (e.g., a security interest). Clearly UEF's lien was not consensual which means the Court must determine whether it is either judicial or statutory. This distinction bears significance because § 522(f) permits debtors to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is ... a judicial lien...." 11 U.S.C. § 522(f)(1)(A). The Bankruptcy Code defines a judicial lien as a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. §

101(36). By contrast, a statutory lien arises "solely by force of a statute on specified circumstances or conditions." 11 U.S.C. § 101(53).

The relevant Kentucky statute is K.R.S. § 342.770, which provides as follows:

> (1) Upon the filing of a claim the executive director shall ascertain whether the employer, or any other person against whom a claim is filed and who is not exempt by K.R.S. § 342.630 or 342.650, has secured payment of compensation by either securing insurance coverage or qualifying as a self-insurer pursuant to K.R.S. § 342.340. Upon determination that any employer under this chapter has failed to comply with the provisions of K.R.S. § 342.340, the executive director shall record, as provided by subsection (2) of this section, a certificate prepared and furnished him by the general counsel showing the date on which such claim was filed, the date of the injury alleged, the name and last known address of the employer against whom it was filed, and the fact that the employer has not secured the payment of compensation as required. Upon recordation, such certificate constitutes a valid lien against the assets of the employer in favor of the uninsured employers' fund for the whole amount which may be due as compensation. Such lien shall be superior to the lien of any mortgage or other encumbrance thereafter created and shall continue for ten (10) years from the time of such recording, unless sooner released or otherwise discharged. A copy of such certificate shall be served upon the employer by the executive director.

The plain language of the statute sets forth two pre-requisites for the imposition of a lien: 1)a claim must be filed; and 2) the executive director must ascertain  whether the employer, or any other applicable person against whom the claim is filed, has secured payment by either insurance coverage or qualifying as a self-insurer.  After the claim is filed and the determination made, the executive director can record the certificate which constitutes a lien.  Simply stated, this administrative action by the director does not constitute a judicial or quasi-judicial process.  The fact that a judicial process may be involved after the recordation of the certificate / lien, does not transform this lien from a statutory lien to a judicial lien.  This is akin to an argument that because a foreclosure is necessary to execute upon a lien, all liens are judicial liens.

The debtors note that the certificate/lien filed by the executive director is styled like a judicial proceeding, with terms such as plaintiff and defendants. The style also states that the action is before the Honorable James L. Kerr, Administrative Law Judge. The debtors argue that this styling supports their contention that the lien is quasi-judicial rather than statutory. While the Court appreciates the debtors' argument, the Court believes that this argument places form over statutory substance. The Court is unsure why the executive director styled the certificate/lien as a judicial action. The Court can find no statutory provisions requiring such a styling and rejects the debtors' contention that the style on the certificate/lien dictates whether a lien is judicial rather than statutory in nature.

Finally, the Court also rejects the debtors' contention that the filing of the claim starts a judicial process which thereby transforms this lien into judicial liens. While the filing of a claim may have started a judicial process, the creation and recordation of the liens originated from a purely statutory standpoint. Here, K.R.S. § 342.770 authorized the imposition of the lien in question. No judicial action was needed before the lien could be recorded, and thus, this is a statutory liens and not a judicial lien subject to lien avoidance. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

David T. Stosberg
United States Bankruptcy Judge

Dated: March 20, 2009

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

In re:                                                    )
                                                          )
FAIRLEY NEWTON and                                        )          CASE NO. 08-40211
STELLA FAYE NEWTON                                        )          CHAPTER 7
                            Debtor(s)                     )
_____)

### <u>ORDER</u>

Pursuant to the Court's Memorandum entered this same date and incorporated herein by

reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the debtors' Motions to Avoid Lien is **OVERRULED**.


David T. Stosberg
United States Bankruptcy Judge

Dated:  March 20, 2009